(Huron Co., O., Common Pleas.)

CHARLOTTE SCHILD v. THE PHOENIX INSURANCE COMPANY OF HARTFORD, CONN.

--------

(1). Where, under the provisions of R. S., 3643, the insured is entitled, upon proof of the total loss of a building or structure insured, to receive from the insurer the total amount mentioned in the policy upon which the insurer has received a premium; the right of such insured to such total amount is not affected by the actual value of the property insured.

(2). In case of total loss of a building or structure insured, the statute fixes the right of recovery on the policy, and any estimate of the value of the building or structure made by the insured in his proofs of loss is immaterial, as affecting such right.

(3). A claim of loss upon a policy of insurance, for a less amount than that of which the insured is entitled, will not estop the insured from subsequently claiming the full amount, where it does not appear that the insurer has been in any way prejudicially misled by the original claim.

--------

Decision on demurrer to amended answer.

WILDMAN, J.

The petition is upon a policy cf insurance, for the loss by fire of two barns insured for $500 each, and totally destroyed.

The defendant's amended answer concedes the insurance, the total destruction of the property, and that plaintiff has furnished due proofs of such destruction; but relies, to defeat plaintiff's action, upon the alleged fact that in making said proofs of loss, the plaintiff "stated the value of the property destroyed by the said fire to be the sum of $689.00, and no more, and there and then made claim against and upon this defendant in this amount, and then and there and thereby demanded and claimed that amount as the amount due her under the said policy because of the said loss, although the said fire so burning said buildings had totally destroyed the same so there was a total loss of said buildings.

The answer alleges that no other proofs of loss have been made, and that defendant has tendered plaintiff said sum of $689, and offers to confess judgment for that amount.

The defendant alleges that the plaintiff "is now estopped from asserting any other, further or different claim than that made by her under the said proofs of loss."

The case is submitted on a general demurrer to the amended answer.

In my judgment, the demurrer should be sustained. The claim as to the amount to which the plaintiff

understood herself entitled, although accompanying the proofs of loss, is not in any sense a part of them. The answer concedes the total destruction of the insured buildings. The statute expressly fixes the amount to which, under such circumstances, the insured is entitled. Revised Statutes, 3643.

The answer does not admit that the buildings were of the value for which they were insured, but that, in view of the statute, is a matter of no consequence. The statute must be presumed to have entered into the minds of the contracting parties, and is to be deemed as effectually a part of the contract as if it had been written therein. The value of the property destroyed being immaterial, no admission or other evidence of value could be admitted in a suit on the policy, nor can an allegation of such admission in any way strengthen the answer. Insurance Co. v. Leslie, 47 Ohio St., 409, 416, 421; Ins. Co. v. Hull, 51 Ohio St., 278.

It is suggested in argument by counsel for the defendant that by the terms of the policy (which is made a part of the petition), the insured was required to state in her proofs of loss the amount claimed by her. Compliance with the requirement, even if the policy should be construed as counsel claim, would seem to be unnecessary under the statute; but I think that the policy should not be so construed. It may be apparent from the reading of the whole policy that the defendant was attempting to limit its liability to the actual value of property damaged or destroyed; but, the clause calling for a statement from the insured of the "amount claimed", has manifest reference to personal property of which an inventory is required to be made, and requires such statement as a part of such inventory. The inventory is to accompany the "immediate notice" of the loss, and is to be made forthwith. The proofs of loss may be made within sixty days after the fire. The policy does require that within this period of sixty days the insured shall make a statement of "the cash value of each item" of the property," and the amount of loss

thereon", but does not require a statement of plaintiff's claim as to the amount to which she is entitled for total destruction of any structure or building. Not only are the general clauses attempting to limit the liability of the company to the "actual cash value" of the property insured, nugatory so far as they affect structures or buildings totally destroyed; but the policy does not in terms anywhere require the plaintiff to state as part of her proofs of loss or otherwise, the amount of her claim for destroyed structures or buildings. A claim of an amount due under the statute is to be distinguished from an estimate of the amount of actual loss. The claim may be more or less than the actual loss.

The averment in the answer that the plaintiff is estopped from now claiming more than the sum originally claimed by her, without any allegation that the defendant has been misled to its prejudice by such original claim, cannot be maintained.

Even if it were a statement of fact instead of a mere claim of right, the principles of estoppel in pais would not be applied unless such statement was made in bad faith or to the prejudice of the defendant. McKenzie v. Steele et al., 18 Ohio St., 38; Board of Ed'n. v. Sinton, 41 Ohio St., 512; Ensel v. Levy & Bro., 46 Ohio St., 255; and Penn. Co. v. Platt et al., 47 Ohio St., 366.

But here the extent of the defendant's liability for a proved total destruction of buildings, being already presumably known to the company, as matter of law, it could not be presumed that the company was in any way misled or prejudiced.

Whether, for mere assertion by the plaintiff of a smaller claim than that owned by her, she could under any circumstances be estopped from subsequently asserting her full right under the law, it is not necessary to inquire. It suffices to say that there are no averments in the answer raising such estoppel.

The demurrer, for the reasons stated, will be sustained. A. M. Beattie, for Plaintiff. S. M. Young; for Defendant.